UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2004 JUN 21  P 2: 28
U.S. DISTRICT COURT
DISTRICT OF MASS

CIVIL ACTION NO. 03-12307RGS

JOSEPH CHRISTOFORO
    Plaintiff,

v.

SHERIFF FRANK G. COUSINS, ET AL
    Defendants

### DEFENDANT FRANK G. COUSINS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS CLAIM

### GENERAL ALLEGATIONS

1. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 1.

2. The defendant admits to the allegations contained in paragraph 2.

3. The defendant admits to the allegations contained in paragraph 3.

4. The defendant is without sufficient information to either admit or deny the allegations contained in paragraph 4.

5. Paragraph 5 is jurisdictional in nature and does not require an admission or denial by the defendant. To the extent that there are allegations against the defendant in paragraph 5 they are hereby denied.

6. Paragraph 6 is jurisdictional in nature and does not require an admission or denial by the defendant.

## FACTUAL ALLEGATIONS

7. The defendant admits to the allegations contained in paragraph 7.

8. The defendant admits to the allegations contained in paragraph 8.

9. The defendant admits that defendant Lupo was an employee of the Essex County Sheriff's Department but denies the remaining allegations contained in paragraph 9.

10. The defendant denies the allegations contained in paragraph 10.

11. The defendant denies the allegations contained in paragraph 11.

12. The defendant denies the allegations contained in paragraph 12.

13. The defendant denies the allegations contained in paragraph 13.

14. The defendant denies the allegations contained in paragraph 14.

15. The defendant denies the allegations contained in paragraph 15.

16. The defendant denies the allegations contained in paragraph 16.

## COUNT I

17.-18. These allegations against defendant Lupo and do not require an admission or denial with respect to defendant Cousins.

## COUNT II

19. The defendant reasserts his response to paragraphs 1 through 18 as if fully incorporated herein.

20. The defendant denies the allegations contained in paragraph 20.

21. The defendant denies the allegations contained in paragraph 21.

22. The defendant denies the allegations contained in paragraph 22.

## COUNT III

23.  These allegations are against certain unknown individuals and do not require admission or denial by defendant Cousins.

## DEMAND FOR JURY TRIAL

The defendant requests a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

### First

The plaintiff has failed to state a claim upon which relief can be granted.

### Second

The plaintiff has failed to comply with the statute of limitations.

### Third

The plaintiff has not exhausted his administrative remedies pursuant to the Prisoner Litigation Reform Act.

### Fourth

The defendant is qualifiedly immune from liability.

### Fifth

The plaintiff has waived liability.

### Sixth

The plaintiff has released the defendant from liability.

### Seventh

None of the allegations alleged by the plaintiff amount to a state or federal constitutional or statutory violation.

**Eighth**

Any of the alleged injuries sustained by the plaintiff are the direct result of his own acts and/or omissions, and not that of the defendant.

**Ninth**

The plaintiff is comparatively negligent.

**Tenth**

The plaintiff is contributorily negligent.

## DEFENDANT FRANK G. COUSINS' CROSS CLAIM AGAINST CO-DEFENDANT LUPO

1. The plaintiff's amended complaint alleges civil rights violations pursuant to 42 USC Section 1983 against both defendants Lupo and Cousins. (Counts 1 and 2, respectively.)

2. Co-defendant Cousins is the duly elected Sheriff of Essex County with his principle place of business at the Essex County House of Correction, 20 Manning Avenue, Middleton, Massachusetts, 01949.

3. The co-defendant Lupo a former correctional officer at the Essex County House of Correction, currently resides at 22 Worcester Road, Peabody, Massachusetts, 01960.

### COUNT I- INDEMNITY

4. Co-defendant Sheriff Cousins repeats and reasserts his allegations contained in paragraphs 1-3 of his cross claim as if fully incorporated herein.

5. If the plaintiff did incur any loss for personal injury or property injury, then the damages were due in whole or in part to the co-defendant Lupo's actions and/ or omissions as described in the plaintiff's amended complaint.

6. That in the event of a finding in favor of the plaintiff against Sheriff Cousins and co-defendant Lupo then co-defendant and defendant in cross claim Lupo is obligated in whole or in part for the amount of the finding and/ or judgment for damages that might enter against Sheriff Cousins.

## COUNT II- CONTRIBUTION

7. Co-defendant Sheriff Cousins repeats and reasserts his allegations contained in paragraphs 1-6 of his cross claim as if fully incorporated herein.

8. If the plaintiff did incur any loss for personal injury or property injury, then the damages were due in whole or in part to the co-defendant Lupo's actions and/ or omissions as described in the plaintiff's amended complaint.

9. That in the event of a finding in favor of the plaintiff against Sheriff Cousins and co-defendant Lupo then co-defendant and defendant in cross claim Lupo is obligated in whole or in part for the amount of the finding and/ or judgment for damages that might enter against Sheriff Cousins.

Defendant, Sheriff Frank G. Cousins,
By his attorneys,

_____
Douglas I. Louison BBO# 545191
Stephen C. Pfaff BBO# 553057
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the ___ day of _June_____, 2004, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Joseph T. Desmond, Esquire, McCormick & Maitland, 144 Main Street, P.O. Box S18, Norfolk, MA 02056 and Joseph W. Monahan, III, Monahan & Padellaro, 43 Thorndike Street, Cambridge, MA 02141.

_____
Stephen C. Pfaff