UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

JOSEPH CHRISTOFORO,
                    **Plaintiff**

vs.

JULIO LUPO,
FRANK G. COUSINS, JR., Individually and
in His Capacity as Essex County Sheriff, and
CERTAIN UNKNOWN INDIVIDUALS,
                    **Defendants**

**CASE NO: 03CV12307**

**MEMORANDUM IN SUPPORT OF DEFENDANT JULIO LUPO'S MOTION TO COMPEL ANSWERS TO HIS FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE PLAINTIFF**

## I. Introduction

The Defendant, **Julio Lupo**, brings this Motion to Compel pursuant to **Federal Rules of Civil Procedure, Rule 37(a)(2)**, requesting allowance of its Motion to Compel Answers to Interrogatories and Production of Documents propounded pursuant to **Federal Rules of Civil Procedure, Rules 33** and **34** respectively from the Plaintiff. The Plaintiff has refused and/or failed to provide any responses to the Defendant's First Set of Interrogatories and  Requests for Production of Documents.

## II. Background

This matter arises out of the Plaintiff's claims for assault and battery and violation of Plaintiff's civil rights while the Plaintiff was serving a sentence in the Essex County House of Correction.  As part of the Defendant's discovery in this matter, **Lupo** served its First Set of Interrogatories and First Set of Request for Production of Documents upon the Plaintiff on **August 12, 2004**.  The responses to these requests were due on **September 15, 2004**.  On **December 3, 2004**, this Counsel sent a letter relative to a discovery dispute, pursuant to **Local Rule 7.1(A)(2)**.  To date, no discovery compliance, request for an extension or objection has been filed within the time periods provided by the **Federal Rules of Civil Procedure.**

## III. Standard of Review

### A. Right to Discovery

**Rule 33** of the **Federal Rules of Civil Procedure** allows a party to submit written interrogatories to a party to be answered under oath, while **Rule 34** permits a party to seek

**Page -1-**

documents and other materials in the 'possession, custody or control' of the opposing party. *Strom v. American Honda Motor Company, Inc., 423 Mass. 330, 335 (1996)*. The Supreme Court has stated that "[*m*]*odern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent*." *United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958)*. " '*Discovery' is one of the working tools of the legal profession.... It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case*." *Hickman v. Taylor, 329 U.S. 495, 515, 67 S.Ct. 385, 396, 91 L.Ed. 451 (1947) (Jackson, J., concurring)*. Thus, "*civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial.... [T]he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation*." *Id. at 501, 507, 67 S.Ct. at 388-89, 392.*

### B. Sanctions for Failure to Comply

*Rule 37* of the *Federal Rules of Civil Procedure* permits a party to request that the district court compel compliance with pre-trial discovery. *Rule 16(f)* of the *Federal Rules of Civil Procedure* "*affords district courts substantial authority to enforce case-management orders*". *Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993).* As stated in *Tower Ventures, Inc. v. City of Westfield, 296 F. 3d 43 (1st Cir. 2002),* "*We have made it plain that a "litigant who ignores case-management deadlines, does so at his peril. . . Consequently, when noncompliance occurs, the court may chose from a broad universe of possible sanctions*". *Id., at 45-46.* *Rule 37* outlines those possible sanctions. "*From a plaintiff's standpoint, the most dreaded sanction is dismissal with prejudice. Although this is strong medicine, not casually to be dispensed, a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions. [citations omitted]. Although dismissal ordinarily should be employed only when a plaintiff's conduct is extreme, [citation omitted] disobedience of court orders, in and of itself, constitutes extreme misconduct (and thus warrants dismissal). See, Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987).*

**Page -2-**

*Tower at 46.*

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons and pursuant to the authority of the cases cited in this Memorandum of Law in Support of this Motion to Compel, the Defendant**, Lupo** respectfully requests that this Honorable Court enter an order compelling the Plaintiff to provide responses to **Lupo** First Set of Interrogatories and First Set Requests for Production of Documents within ten (10) days and award **Lupo** costs and attorneys fees  pursuant to ***Federal Rules of Civil Procedure, Rule 37(a)(4)(A)*** or in the alternative, 1) prohibit the Plaintiff from introducing any evidence covered by these Interrogatories or Requests; pursuant to ***Federal Rules of Civil Procedure, Rule 37(b)(2)(A)or (B)*** or 2) enter an order of dismissal and judgment for the Defendant **Lupo,** pursuant to ***Federal Rules of Civil Procedure, Rule 37(b)(2)(C)****.*

**Julio Lupo**
By Defendant's Attorney

"/s/ Jay Hodapp"
Jay Hodapp, Esquire
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
(617)494-1188
BBO#551348

Dated:January 20, 2005

Monahan & Padellaro
Attorneys at Law
43 Thorndike Street
Bullfinch Square
Cambridge, MA 02141-1714

TO:

Paul H. Nugent, Esquire
Nugent & Nugent
One Faneuil Hall Market Place
Boston, MA 02109

**Page -4-**

74 Prescott Street
Medford, MA 02155

Monahan & Padellaro
Attorneys at Law
43 Thorndike Street
Bullfinch Square
Cambridge, MA 02141-1714

TO:

Rick Caraviello

**Page -5-**

**Page -6-**