UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH CHRISTOFORO,<br>**Plaintiff**<br><br>vs.<br><br>JULIO LUPO,<br>FRANK G. COUSINS, JR., Individually and in His Capacity as Essex County Sheriff, and CERTAIN UNKNOWN INDIVIDUALS,<br>**Defendants** | **CASE NO: 03CV12307 RGS**<br><br>**AFFIDAVIT OF DEFENDANT JULIO LUPO'S COUNSEL REGARDING DISCOVERY NON-COMPLIANCE** |

I, Thomas J. Freda, on oath depose and state as follows:

1. I, **Thomas J. Freda** am the attorney representing **Julio Lupo** in the above-entitled matter.

2. On **January 20, 2005,** Jay Hodapp, co-counsel, on behalf of Defendant **Lupo**, filed a motion to compel the Plaintiff to answer interrogatories and requests for production of documents.

3. Subsequently, on **January 27, 2005**, by agreement of the parties, the Plaintiff agreed to provide outstanding discovery on or before **February 8, 2005,** (ahead of the deposition of the Plaintiff then scheduled for **February 9, 2005**), however, in the event that the discovery deadline was enlarged, the deposition would be rescheduled and the time agreed to respond would be further extended to a date not determined).

4. On **February 18, 2005**, the Defendant **Lupo** *re-noticed* the deposition of the Plaintiff and scheduled same for **March 8, 2005.**

5. In the letter accompanying the notice, this office advised the Plaintiff's counsel that discovery was still outstanding and that if the requested discovery had not been received within **10** days, this office would advise the Court of the non-compliance as a supplement to our motion to compel.

6. On **February 24, 2005**, this Court issued an order requiring the Plaintiff's counsel to advise the Court within **10** days of the order (effectively **March 7, 2005**) that they had complied with the discovery requests of **Lupo**. If not so advised, the Court ordered the matter to be dismissed as a sanction. (See Order of 2/24/05, paper no. 21).

7. On **March 7, 2005** this office canceled the deposition of the Plaintiff, since

discovery that was the subject of the motion to compel had not been provided.

8. As of this date, this office has still not received the requested discovery.

9. The Court has previously ordered that all discovery is to end on **March 20, 2005** and that no further extensions of discovery are to be granted.

Subscribed and sworn to under the pains and penalties of perjury, this **8th** day of **March, 2005**

                                          **Julio Lupo**
                                          By Defendant's Attorney

                                          "/s/"Thomas J. Freda "
                                          Thomas J. Freda, Esquire
                                          **Monahan & Padellaro**
                                          43 Thorndike Street
                                          Cambridge, MA 02141
                                          (617)494-1188
                                          BBO#178150

Dated: March 8, 2005

## CERTIFICATE OF SERVICE

I, Thomas J. Freda, Esquire, hereby certify that I have served a copy of the below listed documents, by regular mail, postage paid, on the attorneys of record listed below:

Documents Served:

1. **Affidavit of Defendant Julio Lupo's Counsel regarding discovery non compliance**

Sent to:

**Plaintiff's Attorney**
Edward J. McCormick, III, Esquire
**Gilmore, Reese Carlson & Cataldo, P.C.**
1000 Franklin Village Drive
Franklin, MA 02038

**Co-Defendant's Attorney**
Stephen C. Pfaff, Esquire
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

                                          "/s/ Thomas J. Freda"
                                          Thomas J. Freda, BBO# 178150

C:\Documents and Settings\Tom\My Documents\Affidavit of Discovery Non-Compliance.wpd