UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 03-12307RGS

**JOSEPH CHRISTOFORO**
    Plaintiff,

v.

**JULIO LUPO, FRANK G. COUSINS, JR.
INDIVIDUALLY AND IN HIS CAPACITY
AS ESSEX COUNTY SHERIFF AND
CERTAIN UNKNOWN INDIVIDUALS**
    Defendants

### DEFENDANT, SHERIFF FRANK G. COUSINS' MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT PURSUANT TO F. R. CIV. 56(C)

**I.**    **STATEMENT OF THE CASE**

This is an action brought by the plaintiff for events that transpired on December 23, 2002 while the plaintiff was incarcerated at the Essex County House of Correction (hereinafter "ECHC") in Middleton, MA. Specifically, the plaintiff alleges that defendant Lupo, a cook in the kitchen at the ECHC, struck the plaintiff in the head while the plaintiff was performing a work detail in the kitchen.

The plaintiff alleges allegations of federal civil rights violations against defendant Lupo pursuant to 42 USC, §1983 and §1988 (Count I), and makes the same claim against the defendant Cousins (Count II). In addition, the plaintiff makes similar claims against certain unknown individuals (Count III).

Defendant Cousins now moves for summary judgment pursuant to the sole claim against him (Count II), as there are no disputed material facts and as a matter of law he is entitled to summary judgment.

**II.     STATEMENT OF THE FACTS**

On or about December 23, 2002, the plaintiff was incarcerated at the ECHC (Amended Complaint, paragraph 7).  On that date, defendant Lupo did assault the plaintiff with a blow to the head causing severe injury.  (Id.).  At the time of the assault, defendant Lupo was an employee of the ECHC. (Id. at paragraph 9).  As a result of the striking of the plaintiff by defendant Lupo, the plaintiff sustained physical injuries, mental anguish, emotional distress and permanent injuries.  (Id at paragraph 12).

**III.    STANDARD OF REVIEW**

A motion for summary judgment will be granted when all the relevant pleadings, viewed in the light most favorable to the non-moving party, present no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law.  F.R.Civ.P. 56(c); Aponte-Santiago v. Lopez-Rivera, 957 F.2d 40, 41 (1st Cir.1992);   Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990);  Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990).

**IV.    ARGUMENT**

**Plaintiff's Claim Should Be Dismissed Against Defendant Cousins Either In His Individual Or Official Capacity Because The Plaintiff As A Matter Of Law Has Failed To State A Claim Upon Which Relief Can Be Granted.**

**A.     Against Sheriff Cousins In His Official Capacity.**

It is well settled that a filing a civil action against an official in that person's official capacity - - in the instant case, against Frank G. Cousins, Jr. in his official capacity as Sheriff of Essex County - - is simply another way of suing the employer itself.  Chute v. City of Cambridge,

201 F.R.D. 27, 29 (D. Mass. 2001).  Stratton v. City of Boston, 731 F. Supp. 42, 45 (D. Mass. 1989).

In 1999, the entity known as Essex County was dissolved by the Massachusetts Legislature and all employee therein became employees of the Commonwealth of Massachusetts. M.G.L. c. 34B.  Accordingly, Sheriff Cousins became an employee of the Commonwealth of Massachusetts and when being sued in his official capacity, it is the same as suing the Commonwealth of Massachusetts.

In addition, the Commonwealth of Massachusetts is immune from suit in the federal courts under the Eleventh Amendment to the United States Constitution.  See Beauregard v. Epstein, 1994 WL 523816 (D. Mass. 1994).  Therefore, because the Commonwealth of Massachusetts is the employer, this case should be dismissed because this court does not have jurisdiction.

Even if, however, this court had jurisdiction over a suit against the Commonwealth of Massachusetts, the plaintiff would have to prove that the acts which he claims violated his civil rights were done in accordance with a policy, practice or custom of the state.  Stratton at 47, citing Monell v. New York City Department of Social Services, 463 US 658, 690 (1978); see Britton v. Maloney, 901 F. Supp. 444, 448 (D. Mass. 1995).  There is not a shred of evidence offered by the plaintiff to show that there was some sort of custom, policy or practice of the Commonwealth of Massachusetts to allow inmates on work detail to be beaten by employees.  More to the point, the plaintiff has admitted that he had no knowledge of defendant Lupo's alleged propensity for violence, nor did he put any supervisory staff on notice at the ECHC prior

to his assault that Lupo had a propensity for violence.  (Exhibit A, Plaintiff's Deposition, Volume II, pages 116-118).

Accordingly, based on the above reasons, any claim against the Sheriff in his official capacity should be dismissed.

      B.    **Against The Sheriff In His Individual Capacity.**

When a plaintiff brings a civil action against a person in his official and individual capacity, it is crucial that the parties be properly identified to provide complete clarity as to who the parties are and in what capacity they are being sued.  Attention to this detail is significant because it aides the court in determining which law will apply to each party.  Chute, 201 F.R.D at 28.  This is because defenses such as qualified immunity are available to a defendant only in his individual capacity, not in his official capacity.  (Id.).  Therefore, a judgment awarding money damages against a person in that person's individual capacity is enforceable against the assets of that individual, but a judgment against an individual in his official capacity would be enforceable only against the public entity that the individual represents.  (Id.).

In the instant case, in addition to defendant Cousins being eligible for the defense of qualified immunity (*infra*, Section C) because he is being sued in his individual capacity, the plaintiff would have to prove that defendant Cousins had knowledge of Lupo's propensity to be violent, either actual or constructive knowledge.  Krohn v. United States, 742 F. 2d. 24, 31 (1st Cir. 1984); Stratton, 731 F. Supp. at 49; see also Almeida v. Flynn, et al, 1992 WL 75171 (D. Mass. 1992).  Defendant Cousins cannot be liable to the plaintiff under the doctrine of *respondeat superior*.  Monell, 436 US 692. Unfortunately for the plaintiff, he cannot offer a scintilla of evidence to prove any knowledge by Cousins of the improprieties of defendant Lupo.

Indeed, the plaintiff has admitted that he did not put anyone on written notice of any prior threats made by defendant Lupo to the plaintiff. (Exhibit A).

Therefore, for the reasons expressed above, any claim against defendant Cousins in his individual capacity must be dismissed.

### C. Qualified Immunity

Government officials performing discretionary functions are shielded from damages so long as their conduct does not violate clearly established statutory constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 US 800, 818 (1982). Even if the work assignments of the plaintiff were to be the basis of the plaintiff's claim of constitutional deprivation by the Sheriff - - under the theory that the Sheriff should have known that someone like defendant Lupo should not be placed in charge of the plaintiff - - such a discretionary function, absent any allegation that the Sheriff should have known of Lupo's propensity for violence, is shielded under the doctrine of qualified immunity. A reasonable Sheriff would have understood that placing the plaintiff in a work environment such as the kitchen, under the direct control of Lupo, would not amount to a direct violation of the plaintiff's civil rights.

Accordingly, Cousins is entitled to qualified immunity.

### V. CONCLUSION

For all the reasons stated above, defendant Cousins moves this honorable court to allow his Motion for Summary Judgment as there are no disputed material facts and he is entitled to judgment as a matter of law.

Defendant, Sheriff Frank G. Cousins,

By his attorneys,

/s/ Stephen C. Pfaff
Douglas I. Louison BBO# 545191
Stephen C. Pfaff BBO# 553057
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 17th day of June, 2005, I served the foregoing by electronic filing and causing a copy to be mailed, postage prepaid, directed to Edward J. McCormick, Esquire, Gilmore, Rees, Carlson & Cataldo, 1000 Franklin Village Drive, Franklin, MA 02038 and Joseph W. Monahan, III, Monahan & Padellaro, 43 Thorndike Street, Cambridge, MA 02141.

/s/ Stephen C. Pfaff
Stephen C. Pfaff