UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.  03 CV 12307 RGS

JOSEPH CHRISTOFORO
          Plaintiff

VS.

JULIO LUPO, FRANK G. COUSINS, JR.,
INDIVIDUALLY AND IN HIS CAPACITY
AS ESSEX COUNTY SHERIFF, and
CERTAIN UNKNOWN INDIVIDUALS
          Defendants

---

**MOTION TO AMEND ANSWER OF DEFENDANT JULIO LUPO**

---

Now comes the Defendant, Julio Lupo, and moves that he be permitted to amend his answer pursuant to ***Fed. Rule of Civ. Pro., Rule 15*** by adding the additional affirmative defense of failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, ***42 U.S.C. § 1997, et al.***

As reasons in support thereof, the Defendant, Julio Lupo, states that Plaintiff's original complaint and amended complaints alleged only that Lupo had committed a single act of assault against the Plaintiff "with a blow to the head causing severe injury" (Paragraph 8 of amended complaint).  The Plaintiff further alleged that he had exhausted his administrative remedies as it related to that sole act.  (Paragraph 16 of his amended complaint).  However, during discovery, the Plaintiff testified[1] to being subject to sexual and verbal harassment by Lupo and as the Court noted in its decision on summary

---

[1] It is unclear at this point whether Christoforo is attempting to seek recovery for the alleged sexual harassment, since he has not sought to amend his complaint further.

judgment, Plaintiff did not exhaust his administrative remedies with regard to this conduct. Due to the surprise nature of these additional allegations as outlined for the first time during discovery, this Court should permit the Defendant to assert the affirmative defense of exhaustion of administrative remedies[2]. In any event, the Plaintiff may still proceed with his original (and at this point) the sole allegation set forth in his original and amended complaints. Further, the Defendant will not be deprived of a meritorious defense to allegations only raised for the first time during the discovery process.

**WHEREFORE**, the Defendant, Julio Lupo, requests that the Court allow this motion to amend his answer to assert the additional affirmative defense of failure to exhaust administrative remedies.

>
> Respectfully submitted,
> **DEFENDANT, JULIO LUPO**
>
> By his Attorney,
>
> /s/"Thomas J. Freda"
> Thomas J. Freda/BBO #178150
> **MONAHAN & PADELLARO**
> 43 Thorndike Street
> Cambridge, MA   02141
> Tel.617-494-1188

Dated: December 23, 2005

C:\WINDOWS\Desktop\Trial Folders\Lupo Trial File\Motion to Amend.doc

---

[2]  Defendant Lupo's Thirteenth Affirmative Defense states that Lupo reserves the right to amend his answer to assert additional affirmative defenses, after entering into discovery.

2