UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO.  03 CV 12307 RGS

JOSEPH CHRISTOFORO
              Plaintiff

VS.

JULIO LUPO, FRANK G. COUSINS, JR.,
INDIVIDUALLY AND IN HIS CAPACITY
AS ESSEX COUNTY SHERIFF, and
CERTAIN UNKNOWN INDIVIDUALS
              Defendants

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND ANSWER OF DEFENDANT JULIO LUPO

Now comes the Defendant and submits this memorandum of law in support of his Motion to Amend his Answer.

### Standard of Review

Whether or not to grant leave to amend the pleadings is within the discretion of the trial court and the court's decision will be reversed only upon a showing of abuse of that discretion. ***Manzoli v. Commissioner, 904 F.2d 101, 107 (1st Cir.1990).***

Failure to plead an affirmative defense generally results in waiver of the defense and its exclusion from the case. ***Rule 8(c); Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st Cir.1994)..***   There are however, certain exceptions to the ***Rule 8(c)*** bar which might be invoked, *inter alia,* either where (i) the defendant

asserts it without undue delay and the plaintiff is not unfairly prejudiced by any delay, *see id.;* or (ii) the circumstances necessary to establish entitlement to the affirmative defense did not obtain at the time the answer was filed, ***See, e.g., Depositors Trust Co. v. Slobusky, 692 F.2d 205, 208 (1st Cir.1982)*** ( "A party may also have recourse to a late discovered affirmative defense by obtaining leave to amend his complaint." ).

**Analysis**

While it is true in the present case that the Defendant did not assert by way of affirmative defense Plaintiff 's failure to exhaust his administrative remedies, Defendant's omission was directly related to and occasioned by Plaintiff's own omission in his original and amended complaints to plead any allegations which would warrant the inclusion of that affirmative defense.

Plaintiff's original and amended complaints alleged only that the Defendant had committed a single act of assault on the Plaintiff and that with respect to that particular alleged incident, the Plaintiff had exhausted his administrative remedies. (See, Paragraph 16 of Plaintiff's Amended Complaint)

It was only during discovery, by innuendo, and subsequently in opposition to the Defendant's motion for summary judgment that Plaintiff now appears to broaden his cause of action to include allegations of physical, verbal, and sexual harassment. If indeed Plaintiff is now attempting to assert these new claims for relief, they would constitute distinct claims, separate and apart from the one alleged in his original and amended complaint.

As these new sexual assault claims arose at different times and in a different manner than that one which the Plaintiff pursued in his administrative remedy and

alleged in his original and amended complaint, this Court should permit the Defendant to assert the additional affirmative defense of failure to exhaust administrative remedies. Such an amendment is the type that was contemplated as the exception to *Rule 8( c)'s* waiver rule in *Depositor's Trust, supra,* and *Davigon v. Clemmey, 332 F.3d 1, 15 (2003). .* To do so would not prejudice the Plaintiff, since he has not claimed the verbal and sexual harassment as a theory of recovery in his amended complaint. Moreover, to not allow it would be unfair to the Defendant who has tailored his defense to the sole claim of a single assault. Furthermore, permitting the Defendant to assert this additional affirmative defense, will obviate the need to reopen discovery in this case and will allow the matter to proceed to trial without unnecessary delay.

**WHEREFORE**, the Defendant, Julio Lupo, requests that the Court allow this motion, or in the alternative, prohibit the Plaintiff from raising any claims against Lupo other than those contained in the amended complaint.

Respectfully submitted,
**DEFENDANT, JULIO LUPO**
By his Attorney,

/s/"Thomas J. Freda"
Thomas J. Freda/BBO #178150
**MONAHAN & PADELLARO**
43 Thorndike Street
Cambridge, MA  02141
Tel.617-494-1188

Dated: December 23, 2005

C:\WINDOWS\Desktop\Trial Folders\Lupo Trial File\Motion to Amend.doc

3