UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

JOSEPH CRISTOFORO,
**Plaintiff**

vs.

JULIO LUPO,
FRANK G. COUSINS, JR.,, Individually and
in His Capacity as Essex County Sheriff, and
CERTAIN UNKNOWN INDIVIDUALS
**Defendants**

CASE NO: 03-12307 RGS

DEFENDANT JULIO LUPO'S, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Defendant, **Julio Lupo**, in the above-entitled action, and through his counsel answers the complaint as follows:

## GENERAL ALLEGATIONS

1. The Defendant lacks sufficient knowledge to either admit or deny the allegations in this Paragraph.
2. The Defendant **admits** the allegations in this Paragraph.
3. The Defendant **admits** the allegations in this Paragraph.
4. The Defendant **denies** the allegations in this Paragraph.
5. The Defendant **denies** the allegations in this Paragraph.
6. The Defendant **denies** the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

7. The Defendant **admits** the allegations in this Paragraph.
8. The Defendant **denies** the allegations in this Paragraph.
9. The Defendant **denies** the allegations in this Paragraph.
10. The Defendant **denies** the allegations in this Paragraph.
11. The Defendant **denies** the allegations in this Paragraph.
12. The Defendant **admits** the allegations in this Paragraph.
13. The Defendant **denies** the allegations in this Paragraph.
14. The Defendant **denies** the allegations in this Paragraph.

15. The Defendant **denies** the allegations in this Paragraph.
16. The Defendant **denies** the allegations in this Paragraph.

### COUNT I:
### THE PLAINTIFF JOSEPH CRISTOFORO'S CAUSE OF ACTION
### AGAINST THE DEFENDANT JULIO LUPO PURSUANT TO 42 U.S.C. §1983 AND 1988

17. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

18. The Defendant **denies** the allegations in this Paragraph.

### COUNT II:
### THE PLAINTIFF JOSEPH CRISTOFORO'S CAUSE OF ACTION
### AGAINST THE DEFENDANT FRANK G. COUSIN, JR., INDIVIDUALLY AND IN HIS
### CAPACITY AS ESSEX COUNTY SHERIFF, PURSUANT TO 42 U.S.C. §1983 AND 1988

19. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

20. The Defendant neither admits nor denies the allegations contained in this Paragraph as the allegations are not directed to him.

21. The Defendant neither admits nor denies the allegations contained in this Paragraph as the allegations are not directed to him.

22. The Defendant neither admits nor denies the allegations contained in this Paragraph as the allegations are not directed to him.

### COUNT III:
### THE PLAINTIFF JOSEPH CRISTOFORO'S CAUSE OF ACTION
### AGAINST THE DEFENDANT CERTAIN UNKNOWN INDIVIDUALS
### PURSUANT TO 42 U.S.C. §1983 AND 1988

23. The Defendant repeats and reaffirms his responses to the allegations set forth in the preceding Paragraphs of this Answer.

24. The Defendant neither admits nor denies the allegations contained in this Paragraph as the allegations are not directed to him.

### AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

By way of affirmative defense, the Defendant states that the Plaintiff's complaint fails to

state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

By way of affirmative defense, the Defendant states that the Plaintiff's complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Failure of Amended Complaint to Relate Back to Original Filing)

By way of affirmative defense, the Defendant states that the Plaintiff's Amended Complaint was filed after the statute of limitations expired and any claims outlined in the Amended Complaint are barred under the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Requisite Knowledge and Notice)

By way of affirmative defense, the Defendant lacked any requisite knowledge or notice of necessary for it to have liability attach to his actions or inactions.

### FIFTH AFFIRMATIVE DEFENSE
### (Comparative Negligence)

By way of affirmative defense, the Defendant states that any injuries the Plaintiff suffered are the result of its own negligent, intentional and/or illegal conduct and not any actions of the Defendant.

### SIXTH AFFIRMATIVE DEFENSE
### (Self-Defense, Defense of Another)

By way of affirmative defense, the Defendant states that the Defendant was acting in self-defense of himself or another.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Malice and within Authority of a Police Officer)

By way of affirmative defense, the Defendant states that the Defendant acted without malice toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his authority as a police officer.

### EIGHT AFFIRMATIVE DEFENSE
### (Resisting of Lawful Arrest)

By way of affirmative defense, the Defendant states that the Plaintiff's actions were an unjustified resisting of a lawful arrest.

### NINTH AFFIRMATIVE DEFENSE
### (No Constitutional Deprivation)

By way of affirmative defense, the Defendant states that the activities complained of do not rise to the level of constitutional deprivations under 42 U.S.C. §1983, therefore this Court lacks subject matter jurisdiction.

### TENTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are barred under the doctrine of qualified immunity as the alleged acts complained of occurred within the scope of the Defendant's official duties and Defendant had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time they were allegedly committed.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Allege Threats, Force, Intimidation and/or Coercion)

By was of affirmative defense, the Defendant states that the Plaintiff's Amended Complaint does not allege acts constituting threats, force, intimidation and/or coercion and as such the alleged acts do not constitute a violation of the Massachusetts Civil Rights Act.

### TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Malice)

By way of affirmative defense, the Defendant states in any actions it undertook of failed to take, it lacked the element of malice to the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights to Assert Additional Defenses)

By way of affirmative defense, the Defendant states it reserves the right, after entering into discovery, to file additional affirmative defenses, claims and actions as may be necessary, compulsory or available.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Frivolous Action Defenses)

By way of affirmative defense, the Defendant states that the Plaintiff's claims are frivolous and not advanced in good faith and that therefore the Defendant is entitled to costs and attorneys fees pursuant to **42 U.S.C. §1988**.

### FIFTEENTH AFFIRMATIVE DEFENSE
### ( Violation of General Law Chapter 231, Section 6(f) )

By way of affirmative defense, the Defendant states that the Plaintiff is estopped from recovery by virtue of the fact that the Complaint contains allegations wholly unsubstantial, frivolous and not advanced in good faith and as such this Defendant is entitled to costs and attorneys fees for defense pursuant to **M.G.L. Chapter 231, Section 6(f)** and as otherwise allowed by law.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Perfect Service of Process)

By way of affirmative defense, the Defendant states that the Plaintiff has failed to properly effect service of process on the Defendant.

### REQUEST FOR RELIEF

### DEFENDANT'S DEMAND OF TRIAL BY JURY

**THE DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**WHEREFORE,** The Defendant requests that this Court:

a. Find in its favor on all counts;
b. Grant judgment in its favor;
c. Dismiss the claims brought against it;
d. Grant it costs and attorneys fees;
e. Any other relief this Court deems equitable and just.

Respectfully submitted,
**Julio Lupo**

_____
Joseph W. Monahan, III - BBO#351100
Jay Hodapp, BBO#551348
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
Tel: (617)494-1188
Fax:(617)494-0433
E-Mail: mplaw @bellatlantic.net

Dated: June 11, 2004

### CERTIFICATE OF SERVICE

I, Joseph W. Monahan, III, hereby certify that on **June 11, 2004**, I served a copy of the forgoing answer to Plaintiff's Amended Complaint by *regular mail, postage prepaid* to the following:

**Plaintiff's Attorney**

Edward J. McCormick, III
McCormick & Maitland
144 Main Street
P.O. Box 318
Norfolk, MA 02056

**Co-Defendant's Attorney**

Stephen C. Pfaff, Esquire
Merrick, Louison & Costello, LLP
67 Batterymarch Street
Boston, MA 02110

C:\My Documents\Federal Answers\Cristoforo v. Lupo Amended Answer.wpd

_____
Joseph W. Monahan, III - BBO#351100