4/27/05

F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03 CV 12307 RGS

JOSEPH CHRISTOFORO,  )
        Plaintiff  )
)
vs.  ) DEFENDANT JULIO LUPO'S ANSWERS
) TO PLAINTIFF JOSEPH CHRISTOFORO'S
)  INTERROGATORIES
)
JULIO LUPO,  )
FRANK G. COUSINS, JR.,  )
INDIVIDUALLY AND IN HIS  )
CAPACITY AS ESSEX COUNTY  )
SHERIFF, and  )
CERTAIN UNKNOWN INDIVIDUALS,  )
        Defendants  )

1. Please state your full name, address, date of birth, social security number, and occupation.

   **ANSWER:**

   **Julius J. Lupo, 22 Worcester Road, Peabody, MA 01960, 8/31/53, 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, Chef-Manager.**

2. Please state your educational background.

   **ANSWER:**

   **Associates Degree, Johnson & Wales College of Culinary Arts.**

3. Please state your employment background, listing the name and address of each employer for whom you have worked from 1985 to present.

   **ANSWER:**

   **1983-1992 Julio's Restaurant, Everett, MA;**
   **1992-1994 Cape Ann Markets, Gloucester, MA;**
   **1994-1999 Omni Foods, Brookline, MA;**
   **1999-2003 Essex County House of Correction, Middleton, MA;**
   **2003-Present Lupo's Restaurant, Peabody, MA.**

4. Please state the actual commencement date of your employment at the Essex County Correctional Facility.

ANSWER:

January, 1999.

5. Please state to whom you reported in the course of your employment with the Essex County Correctional Facility, as your superior.

ANSWER:

Deputy Kathy Lawrence, ADS Foodservice.

6. Please state whether you have been disciplined, reprimanded or discharged while in the course of your employment with the Essex County Correctional Facility, stating exactly what happened in order, and when the disciplinary action occurred.

ANSWER:

The defendant objects to plaintiff's interrogatory #6 on the grounds that it is vague, overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence as to the Defendant Julio Lupo. Without waiving said objection, the defendant answers in summary form as follows:

As a result of the allegations made by inmate Joseph Christoforo concerning the alleged incident of December 23, 2002, I was suspended with pay from December 24, 2002 to January 13, 2003 and without pay for three days commencing on or about January 18, 2003. I was also suspended with pay over an unrelated incident. That suspension began sometime in March of 2003 and ended upon my resignation in April of 2003.

7. Please state whether you have been disciplined, reprimanded or discharged while in the course of your employment with any employer prior to your working at the Essex County Correctional Facility.

ANSWER:

I had never been disciplined, reprimanded or discharged while in the course of my employment with any employer prior to working at the Essex County Correctional Facility.

8. If your answer to the previous interrogatory was in the affirmative, please state:

    a.    with whom you were employed at the time the disciplinary action was taken;

    b.    the reason for the disciplinary action;
    c.    when the disciplinary action was taken;
    d.    what the disciplinary action consisted of and how it was resolved.

**ANSWER:**

a-d.   Not applicable.

9. Please describe any and all interactions, conversations or other contacts that you had with the Plaintiff at the Essex County Correctional Facility, at any time.

**ANSWER:**

The defendant objects to plaintiff's interrogatory #9 on the grounds that it is vague, overly broad, and unduly burdensome. Without waiving said objection, the defendant answers in summary form as follows:

The only conversations that I recall between myself and inmate Christoforo prior to December 23, 2002 pertained to dining services, e.g., answering questions and providing instructions. I do not recall having any conversations with inmate Christoforo subsequent to December 23, 2002.

10. Please state in complete detail the events which occurred between yourself and the Plaintiff, as set forth in the Plaintiff's Complaint, on or about December 23, 2002, describing what you did and what you saw immediately prior to, during and after the incident, in the order in which the events took place.

**ANSWER:**

The defendant objects to plaintiff's interrogatory #10 on the grounds that it is vague, overly broad and unduly burdensome. Without waiving said objection, the defendant answers in summary form as follows:

On December 23, 2002, while working alongside several other inmates, inmate Christoforo complained about having to work so close to Christmas. I approached inmate Christoforo and asked him to quiet down and get back to work. A short time later inmate Christoforo became loud and disruptive again and appeared to be instigating and agitating the inmates around him. I again approached inmate Christoforo and told him to quiet down and get back to work. As I did so, I lightly flicked his left ear. Inmate Christoforo stopped complaining and he and the other inmates around him got back to work.

11. Please describe the physical condition of the Plaintiff immediately prior to, and immediately following, the incidents which took place on or about December 23, 2002, as alleged in the Plaintiff's Complaint.

ANSWER:

The defendant objects to plaintiff's interrogatory #11 on the grounds that it is vague, overly broad, and calls for information outside the defendant's personal knowledge. Without waiving said objection, the defendant answers as follows:

The plaintiff appeared to be in good physical condition both before and after the alleged incident of December 23, 2002, and did not complain of any injury immediately following the incident.

The plaintiff never requested any medical attention while in my presence nor did he appear to require any. Upon information and belief the plaintiff, after speaking with other inmates, sought medical attention for unknown injuries.

12. Please state whether the Plaintiff requested medical attention at any time, for the injuries he sustained on or about December 23, 2002. If so, please state when the medical attention was requested and what medical treatment was provided to him and when it was provided.

ANSWER:

Please see defendant's answer to plaintiff's interrogatory #11.

13. Please describe each and every conversation between yourself and the Plaintiff, which related directly or indirectly to the events which occurred on or about December 23, 2002, stating where and when the conversation took place and what was said and by whom.

ANSWER:

Please see defendant's answer to plaintiff's interrogatory #10.

14. Please state the name, address and phone number of each individual who witnessed the events which occurred on or about December 23, 2002, between yourself and the Plaintiff as set forth in the Plaintiff's Complaint.

ANSWER:

Essex County Correction Officers Joseph Curran, Paul Wolzack and Kathy Lawrence were on duty at the time of the incident. I do not know exactly where they were situated at the time of the incident or what they may have seen. There were also several inmates in the vicinity of the alleged incident. I am not certain of the inmates identities or present whereabouts.

15. Please state the name, address and phone number of each and every person with whom you have discussed the facts of this case, stating the dates when the conversations took place and the substance of the conversations.

ANSWER:

Shortly after the alleged incident, I recall speaking with several members of the Middlesex County Sheriff's Department including Deputy Kathy Lawrence, Deputy Timothy McGuire, Deputy David McCoy, H.R. Director Willie J. Smith, Internal Affairs Officer Joseph Roache, and Superintendent Michael Marks. I informed them that on the morning of the alleged incident inmate Christoforo was being loud and disruptive. I asked him to quiet down and get back to work. A short time later inmate Christoforo resumed his loud and disruptive behavior. I again asked him to quiet down and as I did so, I lightly flicked his ear.

Several weeks later another inmate falsely accused me of striking him. I recall Deputy McCoy telling me that's how the inmates work; I was now a marked man and could expect more false allegations by other inmates in the future.

16. Please identify by name, address and telephone number each person whom you expect to call as witness, including expert witnesses, at the time of trial.

ANSWER:

No decision has been made concerning witnesses to be called at the time of trial. The defendant reserves the right to call any individual referenced in the automatic disclosures and discovery responses filed to date. The defendant further reserves the right to call any and all of plaintiff's examining and treating physicians, along with any other material witnesses learned of through ongoing discovery.

17. Please identify each person that you expect to call as an expert witness at the time of trial, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the said expert is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

No decision has been made concerning expert witnesses to be called at the time of trial. The defendant recognizes his duty to timely supplement this response.

18. Please state whether you ingested any alcoholic beverages, drugs or medications, in the twenty four (24) hour period immediately preceding the events of December 23, 2002, as alleged in the Plaintiff's Complaint. If so, please state what was ingested, how much was ingested and when.

**ANSWER:**

Not applicable.

19. Have you been convicted of a misdemeanor within the past five (5) years or a felony within the past ten (10) years? If so, state:

   a. the date of your conviction;
   b. the crime for which you were convicted;
   c. the Court where you were convicted, providing docket number;
   d. the name and address of any attorney who represented you.

**ANSWER:**

a.-d.   Not applicable.

Signed under the pains and penalties of perjury this __27__ day of April, 2005.

_/s/ Julio Lugo_

...by certify that a t...
...s document...
...o attorney of...
...