UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03 CV 12307 RGS

| | | |
|---|---|---|
| JOSEPH CHRISTOFORO | ) | |
|     Plaintiff | ) | |
| | ) | |
| VS. | ) | Local Rule 56.1 Statement |
| | ) | of Undisputed Material Facts |
| JULIO LUPO, | ) | |
|     Defendant | ) | |

1. Mr. Christoforo was an inmate at the Essex County House of Correction in Middleton, Massachusetts on December 23, 2002. (Exhibit A, paragraph 1, Exhibit B, paragraph 1).

2. Mr. Lupo was employed as the Assistant Director of Food Services by the Essex County Sheriff's Department at the House of Correction, on December 23, 2002. (Exhibit D, page 12).

3. Mr. Christoforo was assaulted by Mr. Lupo on December 23, 2002. (Exhibit B, paragraph 8).

4. Mr. Lupo has admitted assaulting Mr. Christoforo on December 23, 2002. (Exhibit D, pages 32, 48; Exhibit E, pages 5, 15, 16, 17, 19, 27; Exhibit F, Defendant's Answer to Plaintiff's Interrogatory No. 10).

5. Mr. Christoforo suffered permanent physical and emotional injuries as a result of the assault on December 23, 2002. (Exhibit B, paragraph 12; Exhibit C, paragraph 12).

6. Mr. Lupo has admitted that Mr. Christoforo suffered permanent physical and emotional injuries as a result of the assault on December 23, 2002. (Exhibit B, paragraph 12; Exhibit C, paragraph 12).

7.  Mr. Lupo's motion for summary judgment, affirmatively arguing that the force he used against Mr. Christoforo was warranted under the circumstances, or, in the alternative, that the damage caused to Mr. Christoforo was so *de minimus* as to bar recovery under the Eighth Amendment, was denied in full by this Court on November 14, 2005.

8.  The Sheriff's Department conducted an investigation into the assault and concluded that there was evidence that Mr. Lupo's conduct was "clearly unbecoming" and "in violation of Department rules and regulations governing personal conduct in the workplace while interacting with inmates under [his] supervision." (Exhibit I, page 1, #1).

9.  Assistant Security Director Timothy P. McGuire also conducted an investigation into the assault, including interviews and a review of the medical report; Director McGuire concluded that Mr. Lupo "exceeded what would be considered a reasonable use of force under the circumstances" and that, as in this incident, "any physical contact with an inmate unprovoked would be inappropriate." (Exhibit H, pages 24-25).

10. The Sheriff's Department suspended Mr. Lupo without pay as a result of the assault on Mr. Christoforo and ordered Mr. Lupo to successfully complete anger management and counseling sessions. (Exhibit I, pages 1-2, #4-5).

11. Mr. Christoforo's sustained the following injuries as a result of the assault: hearing loss, eyelid drooping, uncontrolled blinking, ringing ear, vision loss, walking difficulty, and permanent injuries. (Exhibit B, paragraph 11).

                                              Respectfully Submitted,
                                              The Plaintiff,
                                              By His Attorney,

                                              */s/ Edward J. McCormick, III*
                                              Edward J. McCormick, III
                                              McCormick & Maitland
                                              Suite Six – Hayward Manor
                                              195 Main Street
                                              Franklin, MA  02038
                                              (508) 520-0333
                                              BBO# 329780