UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH CHRISTOFORO,<br>　　　　　　**Plaintiff**<br><br>vs.<br><br>JULIO LUPO,<br>FRANK G. COUSINS, JR., Individually and<br>in His Capacity as Essex County Sheriff, and<br>CERTAIN UNKNOWN INDIVIDUALS,<br>　　　　　　**Defendants** | CASE NO: 03CV12307 RGS |

**DEFENDANT JULIO LUPO'S MOTION IN LIMINE TO ADMIT
CRIMINAL CONVICTIONS OF PLAINTIFF**

Now comes the Defendant Julio Lupo ("Defendant"), and moves this Honorable Court to permit the Defendant to introduce at trial certain criminal convictions of the Plaintiff that exceed the term limit of ten (10) years provided for Fed. Rule of Evidence 609(b).  As reasons thereof, the Defendant states as follows:

1. The Court has discretion to admit Plaintiff's criminal records for convictions more than ten (10) years ago.

"The district court is vested with broad discretionary power to admit or exclude evidence."  United States v. Norton, 26 F.3d 240, 243 (1st Cir. 1994) *citing* United States v. Innamorati, 996 F.2d 456, 478 (1st Cir.), Cert. denied, 510 U.S. (1993); United States v. George, 752 F.2d 749, 756 (1st Cir. 1985).

　　a.　It is in the interest of justice for the Court to allow the Defendant to introduce the Plaintiff's prior convictions from 1997 for the purpose of impeachment.

Pursuant to Fed. R. Evid. 609(b),

> Evidence of a conviction under this rule is not admissible
> if a period of more than ten years has elapsed since the
> date of the conviction or of the release of the witness from
> the confinement imposed for that conviction, whichever is
> the later date, **unless the court determines, in the interest**

>    **of justice,** that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

The measurement of the ten year period is from conviction or release from confinement until the witness in question, here, the Plaintiff, testifies.  The date of Plaintiff's three convictions was **April 7, 1997.**  All of the crimes evidenced dishonesty under Fed. Rule of Evid. 609(a)(2) and would have been admissible on the three prior scheduled trial dates.  The Court should not diminish the Defendant's ability to impeach the Plaintiff with his convictions for crimes of dishonesty, whereas here, the passage of time, due to the Plaintiff's requests for continuance and the Court's calendar has caused a delay in the trial date.

2. The type of convictions shown on Plaintiff's criminal record are highly probative.

Under the Federal Rules of Evidence, certain convictions are admissible because of their direct relationship to a witness' truthfulness.  "In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity."  Gordon v. U.S., 127 U.S. App. D.C. 343, 347 (1967).  Another important factor in considering a witness' criminal convictions is how recently they occurred.  "Moreover, the probability that appellant's character for veracity had improved since the time of the burglary convictions (an assumption that underlies the ten year limit) was negated by his more recent criminal activity.  See Weinstein's Evidence p 609(03)(2)."  U.S. v. Brown, 603 F.2d 1022 (1st Cir. 1979).

After this Court allowed Defendant's motion, he obtained a copy of the Plaintiff's criminal record and is thus aware of its contents.  A review of Plaintiff's convictions shows that there are convictions of the type that would ordinarily reflect on a witness' capacity for honesty.  Additionally, the Plaintiff's criminal record reveals convictions

subsequent to the 1997 convictions.  (Salem District Court, Docket Number 0136 CR 3622, Larceny of Property over $250, date of conviction August 13, 2002).  For these reasons, the convictions on Plaintiff's criminal record are highly probative, even if they are more than ten years old, and should be admissible at trial.

WHEREFORE, for the foregoing reasons, Defendant prays that this Honorable Court will allow his motion.

                Respectfully submitted,
                Defendant Julio Lupo,

                By his attorneys,


                /s/Joseph W. Monahan, III_____
                Joseph W. Monahan, III, Esq.
                BBO# 351100
                Thomas J. Freda, Esq.
                BBO# 178150
                Monahan & Padellaro
                43 Thorndike Street
                Cambridge, MA  02141
                (617) 494 – 1188


Dated: February 19, 2008