UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03 CV 12307 RGS

| | |
|---|---|
| JOSEPH CHRISTOFORO )<br>         Plaintiff      )<br>                          )<br>VS.                       )<br>                          )<br>JULIO LUPO,               )<br>         Defendant    )<br>_____) | Plaintiff's Proposed Jury Instructions |

1.   Elements of a Section 1983 Claim

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Parrett v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

2.   First Element – Action Under Color of State Law

The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation,

custom or usage, of any state.  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.
Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

    3.    State Official Acting Under Color of State Law as a Matter of Law

Whether the defendant committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide. I will instruct you in a moment on how you will decide that issue.  For now, assuming that the defendant did commit those acts, I instruct you that, since the defendant was an official of the Commonwealth of Massachusetts at the time of the acts in question, he was acting under color of state law.  In other words, the first statutory requirement is satisfied.
Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

    4.    Second Element – Deprivation of Right

The second element of plaintiff's claim is that he was deprived of a federal right by the defendant.  In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: first, that the defendant committed the acts alleged by the plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and third, that, in performing the acts alleged, the defendant acted intentionally or recklessly.
Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980).

5.    State of Mind – General

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendant acted intentionally or recklessly. If you find that the acts of the plaintiff were merely negligent, then, even if you find that the defendant was injured as a result of those acts, you must return a verdict for the defendant.

Daniels v. Williams, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).

6.    Proximate Cause – Generally

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant to any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If any injury was a direct result or a reasonably proximate consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant. Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed 2d 619 (1979).

7. Nominal Damages

If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights or breached a duty owed to the plaintiff, but that the plaintiff suffered no injury as a result of this violation or breach, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to a plaintiff; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token sum.

<u>Magnett</u> v. <u>Pelletier</u>, 488 F.2d 33 (1st Cir. 1973); <u>Campos-Orrego</u> v. <u>Rivera</u>, 175 F. 3d 89 (1st Cir. 1999).

8.  <u>Exemplary or Punitive Damages</u>

If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages. You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not be itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that

5

defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements of punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of adequate damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded.

Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages. Memphis Community School District v. Stachura, 477 U.S. ___, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); Powell v. Alexander, 391 F. 3d 1 (1st Cir. 2004); Campos-Orrego v. Rivera, 175 F. 3d 89 (1st Cir. 1999).

9.   Damages for the Mere Fact of Violation

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.

Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); Campos-Orrego v. Rivera, 175 F.3d 89 (1st Cir. 1999).

10.   Causation and Damages

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries

naturally resulting from that violation. Thus, even if you find that the defendant deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

        Respectfully Submitted,
        The Plaintiff,
        By His Attorney,

        */s/ Edward J. McCormick, III*
        Edward J. McCormick, III
        McCormick & Maitland
        Suite Six – Hayward Manor
        195 Main Street
        Franklin, MA  02038
        (508) 520-0333
        BBO #329780