UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH CHRISTOFORO,<br>**Plaintiff**<br><br>vs.<br><br>JULIO LUPO,<br>FRANK G. COUSINS, JR., Individually and<br>in His Capacity as Essex County Sheriff, and<br>CERTAIN UNKNOWN INDIVIDUALS,<br>**Defendants** | **CASE NO: 03CV12307 RGS** |

**DEFENDANT JULIO LUPO'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE REGARDING PLAINTIFF'S ALLEGED ECONOMIC DAMAGES**

Now comes the Defendant Julio Lupo ("Defendant"), and moves that this Honorable Court prohibit the Plaintiff from introducing at trial evidence of any of his alleged economic damages.

As reasons therefore, the Defendant states as follows:

1.      Plaintiff did not produce his tax returns in discovery.

"Economic damages must be based on hard evidence, not on cotton candy composed of conjecture, speculation, and surmise." *Veranda Beach Club Ltd. Partnership v. Western Surety Co. Inc.*, **936 F.2d 1364, 1380 (1st Cir. 1991)**.  A plaintiff's tax returns are the type of hard evidence that is necssary for a plaintiff to successfully bear his burden of proof on the issue of economic loss.  Courts consistently forbid a plaintiff from offering proof of his alleged economic losses where he has opted not to reveal his tax returns during the discovery process.  See *Britton v. Maloney*, **196 F.3d 24, 27 at n. 1 (1st Cir. 1999)**.

In his Amended Complaint filed on March 1, 2004, Plaintiff stated, "Wherefore, the Plaintiff Joseph Christoforo demands judgment against the Defendants, certain

unknown individuals, in an amount as the evidence may prove at trial, plus punitive damages, interest, costs, and attorney's fees." As such, Defendant Julio Lupo sought copies of Plaintiff's tax returns in his request for production of documents dated March 8, 2005 wherein Request No. 8 read, "Copies of Plaintiff's Federal Income Tax Returns, including all accompanying work sheets, W-2 statements and any other documents, filed by the Plaintiff for 1998, 1999, 2000, 2001, 2002, and 2003." Plaintiff did not produce any documents in response to this request, but instead, stated: "The Plaintiff will supplement this response in a timely manner prior to trial." To date, Plaintiff has never granted the Defendant Julio Lupo access to his tax returns despite later supplementing his responses to other document requests of the Defendant. Defendant Julio Lupo therefore requests that this Honorable Court exclude any evidence of Plaintiff's alleged economic damages as they are unproven.

WHEREFORE, for the foregoing reasons, Defendant Julio Lupo prays that this Honorable Court will exclude Plaintiff's evidence of economic damages.

Respectfully submitted,
Defendant Julio Lupo,

By his attorneys,


/s/Joseph W. Monahan, III
Joseph W. Monahan, III, Esq.
BBO# 351100
Thomas J. Freda, Esq.
BBO# 178150
Monahan & Padellaro
43 Thorndike Street
Cambridge, MA  02141
(617) 494 – 1188


Dated: February 19, 2008