UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

JOSEPH CHRISTOFORO,
               **Plaintiff**

vs.

JULIO LUPO,
FRANK G. COUSINS, JR., Individually and
in His Capacity as Essex County Sheriff, and
CERTAIN UNKNOWN INDIVIDUALS,
               **Defendants**

CASE NO: 03CV12307 RGS

**DEFENDANT JULIO LUPO'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE REGARDING HIS SUSPENSION FROM THE SHERIFF'S DEPARTMENT**

      Now comes the Defendant Julio Lupo pursuant to Federal Rule of Evidence 403 praying that this Honorable Court will exclude his letter of suspension from the Essex County Sheriff's Department and all other evidence of his suspension from the evidence presented at trial.  As reason therefor, Defendant states that said suspension is unfairly prejudicial to him.

      Federal Rule of Evidence 403 permits the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…"  Additionally, Defendant's request is at the heart of a motion in limine's purpose because "the motion in limine originated with attempts to prevent prejudicial evidence from interfering with a fair and impartial jury verdict in civil litigation.  See Colbert, The Motion in Limine in Politically Sensitive Cases: Silencing the Defendant at Trials, 39 Stan. L.Rev. 1271, 1276 (1987)." U.S. v. Brodhead, 74 F.Supp. 593, 595 (D. Mass. 1989).

      Here, the Defendant seeks to exclude a letter dated January 14, 2003 as well as a other evidence that his employer suspended him after recounting two incidents that

gave rise to the suspension. One of the incidents described in the letter is the basis for this suit. The other incident, however, concerns allegations of verbal abuse by the Defendant and the use of a racial slur in addressing another inmate. It is the Defendant's position that if a jury were exposed to Defendant's alleged racism in the workplace, it would be unfairly prejudicial to the Defendant in the trial of this matter, where Plaintiff does not allege Defendant used racial slurs against him. Additionally, it is unclear if the suspension would have been issued solely for the act alleged by the Plaintiff against the Defendant. For this reason, Defendant prays that this Honorable Court will exclude the admission of any evidence of his suspension by the Essex County Sheriff's Department.

Respectfully submitted,
Defendant Julio Lupo,

By his attorneys,

/s/Joseph W. Monahan, III
Joseph W. Monahan, III, Esq.
BBO# 351100
Thomas J. Freda, Esq.
BBO# 178150
Monahan & Padellaro
43 Thorndike Street
Cambridge, MA  02141
(617) 494 – 1188

Dated: February 19, 2008