UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03 CV 12307 RGS

| | |
|---|---|
| JOSEPH CHRISTOFORO ) | |
|     Plaintiff ) | |
| ) | |
| VS. ) | Trial Memorandum |
| ) | |
| JULIO LUPO, ) | |
|     Defendant ) | |

1. <u>Stipulated or Admitted Facts</u>

   a. Joseph Christoforo was an inmate at the Essex County House of Corrections on December 23, 2002.

   b. Julio Lupo was employed by the Essex County Sheriff's Department and was working as the Assistant Food Director in the kitchen at the Essex County House of Corrections on December 23, 2002.

   c. At the time of the incident, Mr. Lupo was employed by the Essex County Sheriff's Department and therefore was acting under color of law.

2. <u>List of Prospective Witnesses</u>

<u>Plaintiff's Prospective Witnesses</u>

   a. Ralph Sordillo;
   b. Eugene Fernandez;
   c. Robert Smith;
   d. David Souther;
   e. Arthur LeGault, Essex County Sheriff's Department;
   f. Timothy McGuire, Essex County Sheriff's Department;
   g. Janice Hall, Essex County Sheriff's Department;
   h. Kathleen Lawrence, Essex County Sheriff's Department
   i. Joseph Curran, Essex County Sheriff's Department;
   j. Joseph P. Dineen, M.D., 18 Indian Trail, Woodbridge, CT 06525;
   k. Joseph Christoforo, 13 Mount Pleasant Drive, Peabody, MA 01960;

l. Julio Lupo;
m. Frank Cousins, Essex County Sheriff's Department;
n. David McCoy, Essex County Sheriff's Department;
o. Joseph Roache, Essex County Sheriff's Department;
p. Richard Robinson, Essex County Sheriff's Department;
q. Ben Lafortune;
r. Paul Wolzack, Essex County Sheriff's Department.

Defendant's List of Potential Witnesses

a. All witnesses listed by Plaintiff
b. Dr. Thomas R. Hedges, III, New England Eye Center/Tufts University Medical Center, 750 Washington Street, Boston, Massachusetts
c. Dr. Cynthia Mattox, New England Eye Center/Tufts University Medical Center, 750 Washington Street, Boston, Massachusetts

3.  Plaintiff's Identification of Interrogatory Answers to be Introduced at Trial

a.  Defendant Julio Lupo's Answers to Plaintiff Joseph Christoforo's Interrogatories:

**Interrogatory No. 6:** Please state whether you have been disciplined, reprimanded or discharged while in the course of your employment with the Essex County Correctional Facility, stating exactly what happened in order, and when the disciplinary action occurred.

**Answer No. 6:** The defendant objects to plaintiff's interrogatory #6 on the grounds that it is vague, overly broad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence as to the Defendant Julio Lupo. Without waiving said objection, the defendant answers in summary form as follows:

As a result of the allegations made by inmate Joseph Christoforo concerning the alleged incident of December 23, 2002, I was suspended with pay from December 24, 2002, to January 13, 2003 and without pay for three days commencing on or about January 18, 2003. I was also suspended with pay over an unrelated incident. That suspension began sometime in March of 2003 and ended upon my resignation in April of 2003.

**Interrogatory No. 9:** Please describe any and all interactions, conversations or other contacts that you had with the Plaintiff at the Essex County Correctional Facility, at any time.

**Answer No. 9:** The defendant objects to plaintiff's interrogatory #9 on the grounds that it is vague, overly broad, and unduly burdensome. Without waiving said objection, the defendant answers in summary form as follows:

The only conversations I recall between myself and inmate Christoforo prior to

2

December 23, 2002 pertained to dining services, e.g., answers questions and providing instructions. I do not recall having any conversations with inmate Christoforo subsequent to December 23, 2002.

**Interrogatory No. 10:** Please state in complete detail the events which occurred between yourself and the Plaintiff, as set forth in the Plaintiff's Complaint, on or about December 23, 2002, describing what you did and what you saw immediately prior to, during and after the incident, in the order in which the events took place.

**Answer No. 10:** The defendant objects to plaintiff's interrogatory #10 on the grounds that it is vague, overly broad and unduly burdensome. Without waiving said objection, the defendant answers in summary form as follows:

On December 23, 2002, while working alongside several other inmates, inmate Christoforo complained about having to work so close to Christmas. I approached inmate Christoforo and asked him to quiet down and get back to work. A short time later inmate Christoforo became loud and disruptive again and appeared to be instigating and agitating the inmates around him. I again approached inmate Christoforo and told him to quiet down and get back to work. As I did so, I lightly flicked his left ear. Inmate Christoforo stopped complaining and he and the other inmates around him got back to work.

**Interrogatory No. 15**: Please state the name, address and phone number of each and every person with whom you have discussed the facts of this case, stating the dates when the conversations took place and the substance of the conversations.

**Answer No. 15:** Shortly after the alleged incident, I recall speaking with several members of the Middlesex County Sheriff's Department including Deputy Kathy Lawrence, Deputy Timothy McGuire, Deputy David McCoy, H.R. Director Willie Smith, Internal Affairs Office Joseph Roache, and Superintendent Michael Marks. I informed them that on the morning of the alleged incident inmate Christoforo was being loud and disruptive. I asked him to quiet down and get back to work. A short time later inmate Christoforo resumed his loud and disruptive behavior. I again asked him to quiet down and as I did so, I lightly flicked his ear.

Several weeks later another inmate falsely accused me of striking him. I recall Deputy McCoy telling me that's how inmates work; I was now a marked man and could expect more false allegations by other inmates in the future.

<u>Defendant's Identification of Deposition and Interrogatory Answers to be Introduced at Trial</u>

At the present time, the Defendant intends to offer the testimony through witnesses and not to rely on the depositions of Dr. Thomas R. Hedges, Dr. Cynthia Maddox, and the other witnesses listed above. However, if the witnesses are unavailable, the Defendant may utilize their deposition testimony and will supplement this response if needed.

3

As for the interrogatories, the Defendant at this time expects the Plaintiff to testify at trial. Assuming the Plaintiff so testifies, it is expected that interrogatories would only be offered for purposes of impeachment and since no testimony has yet been provided, the Defendant cannot specifically respond.

4. <u>Joint list of exhibits as to which the parties have stipulated as to authenticity, but have reserved the right to object as to any other grounds</u>

A. Plaintiff's Medical Records;
B. Essex County Correctional Facility & Sheriffs Headquarters Incident Report dated December 23, 2002;
C. Letter to Sheriff Cousins from Investigator Richard Robinson, Internal Affairs Dept., dated January 3, 2003;
D. Letter to Julio Lupo from Sheriff Frank G. Cousins dated December 30, 2001 (sic);
E. Letter to Julio Lupo from Sheriff Frank G. Cousins dated January 14, 2003;
F. Essex County Correctional Facility and Sheriffs Headquarters Information Report to Deputy T. McGuire from Deputy W. Center dated December 23, 2002;
G. Essex County Correctional Facility and Sheriffs Headquarters Incident Report to Deputy David McCoy from Kathy Lawrence, ADS Foodservice, dated December 23, 2002;
H. Notice of resignation of Julio Lupo dated June 3, 2003;
I. Settlement Agreement between Essex County Sheriff's Department and Julius Lupo;
J. Report from ADS Timothy McGuire to Asst. Super. Richard Hamilton dated December 24, 2002;
K. Inmate Formal Grievance Form dated July 13, 2003;
L. Memorandum to Grievance Department from Joseph Christoforo dated July 17, 2003;
M. Inmate Formal Grievance Form dated July 27, 2003;
N. Inmate Formal Grievance Form dated July 29, 2003;
O. Inmate Grievance Remedy Form dated July 30, 2003;
P. Memorandum to Joseph Christoforo from Superintendent Mike Marks dated August 1, 2003;
Q. Inmate Formal Grievance Form dated August 3, 2003.
R. Correctional Medical Services Health Services Request Form dated December 23, 2002;
S. Correctional Medical Services Interdisciplinary Progress Notes dated December 23, 2002 – December 24, 2002;
T. Correctional Medical Services Interdisciplinary Progress Notes dated December 23, 2002 11:00 a.m. – December 24, 2002 8:15 a.m.;
U. Correctional Medical Services Interdisciplinary Progress Notes dated December 24, 2002 11:00 a.m.;
V. Correctional Medical Services Interdisciplinary Progress Notes dated December 24, 2002 9:00 a.m. – December 26, 2002 9:00 a.m.;
W. Correctional Medical Services Interdisciplinary Progress Notes dated December

4

|      |                                                                                               |
|------|-----------------------------------------------------------------------------------------------|
|      | 26, 2002 18:30;                                                                               |
| X.   | Correctional Medical Services Health Services Request Form dated January 4, 2003;             |
| Y.   | Correctional Medical Services Health Services Request Form dated January 7, 2003;             |
| Z.   | Correctional Medical Services Health Services Request Form dated January 15, 2003;            |
| AA.  | Correctional Medical Services Interdisciplinary Progress Notes dated February 12, 2003 20:15; |
| BB.  | Correctional Medical Services Health Services Request Form dated March 7, 2003;               |
| CC.  | Correctional Medical Services Health Services Request Form dated March 12, 2003;              |
| DD.  | Correctional Medical Services Health Services Request Form dated May 14, 2003;                |
| EE.  | Correctional Medical Services Health Services Request Form dated May 28, 2003;                |
| FF.  | Correctional Medical Services Health Services Request Form dated June 19, 2003;               |
| GG.  | Certified Copies of Criminal Convictions of Mr. Christoforo from Salem District Court;        |

5. <u>Trial Memorandum addressing those items as to which there are foreseeable disputes concerning issues of law</u>

   1) As a result of the assault and battery upon Mr. Christoforo, Mr. Lupo was suspended from his job. The plaintiff will seek to introduce this fact at trial.

   2) The Defendant opposes the introduction of the suspension as the suspension was due to multiple causes, in addition to the incident that is the subject of this litigation. Further, the suspension was based in part on written reports containing hearsay allegations which were not subject to cross examination by Lupo and lack an indicia of trustworthiness.

6. <u>Informed estimate of the probable length of trial, 9:00 a.m. – 1:00 p.m.</u>

   3 – 4 trial days.

5

    7.    a.    <u>Requests for Jury Instructions with citation to supporting authority</u>

See Plaintiff's and Defendant's respective requested jury instructions filed separately.

           b.    <u>Proposed or special verdict questions</u>

The plaintiff has no proposed or special verdict questions at this time.

           c.    <u>Proposed questions for the voir dire examination</u>

<u>Plaintiff's Proposed Voir Dire Questions</u>

1. Are you or is any member of your immediate family a police officer, sheriff, deputy sheriff, or other law enforcement official?

2. The plaintiff in the instant matter was incarcerated at the time of the incidents giving rise to this suit. Would the fact that Mr. Christoforo was convicted of a crime and sentenced to incarceration at the Essex County House of Correction affect your assessment of his credibility? Put another way, would the fact that someone was incarcerated at the Essex County House of Correction at the time of an incident giving rise to a law suit affect your assessment of his credibility?

3. Would the fact that the plaintiff was incarcerated at the Essex County House of Correction affect your decision to award any damages to the plaintiff in the instant matter in any way?

4. The defendant in the instant matter was employed by the Essex County Sheriff's Department at the time of the incidents giving rise to this suit. Would the fact that Mr. Lupo was a law enforcement officer affect your assessment of his credibility?

           d.    <u>Succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the venire during empanelment</u>

On December 23, 2002, Joseph Christoforo was an inmate at the Essex County House of Correction. While an inmate working in the kitchen, there was an incident

6

between Mr. Christoforo and Mr. Lupo, who was an Essex County Sheriff's Department employee.

        Respectfully Submitted,
        The Plaintiff,
        By His Attorney,

        */s/ Edward J. McCormick, III*
        Edward J. McCormick, III
        McCormick & Maitland
        Suite Six – Hayward Manor
        195 Main Street
        Franklin, MA  02038
        (508) 520-0333


        Respectfully Submitted,
        The Defendant,
        By His Attorney,

        */s/ Thomas J. Freda*
        Thomas J. Freda
        Monahan & Padellaro
        Bullfinch Square
        43 Thorndike Street
        Cambridge, MA  02141-1714
        (617) 494-1188