UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

JOSEPH CRISTOFORO,
              **Plaintiff**

vs.

JULIO LUPO,
FRANK G. COUSINS, JR.,, Individually and
in His Capacity as Essex County Sheriff, and
CERTAIN UNKNOWN INDIVIDUALS
              **Defendants**

CASE NO: 03-12307 RGS

**DEFENDANT JULIO LUPO'S
REQUEST FOR JURY INSTRUCTIONS**

Now comes the Defendant Julio Lupo, and pursuant to ***Fed. R. Of Civ. Proc. Rule 51****,* submits its request for jury instructions to the Court.

**I.    Excessive Force**

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff claims that defendant, by using excessive and unnecessary force against plaintiff, violated plaintiff's Eighth Amendment constitutional rights. According to plaintiff, defendant struck plaintiff with his hand on December 23, 2002.  ,

In order to prove a violation under the Eighth Amendment, plaintiff must show that defendant unnecessarily and wantonly inflicted pain on plaintiff . Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in a good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm.

In order to prove a violation under the Eighth Amendment, plaintiff must prove all of the following elements by a preponderance of the evidence:

Page 1

First: That defendant prison officials used force against plaintiff maliciously and sadistically, for the very purpose of causing plaintiff harm;

Second: That plaintiff suffered some harm as a result of the use of the force by defendant and

Third: That defendant was acting under color of state law.

If plaintiff fails to prove either of these elements, you must find for defendant. The first element is to be evaluated by a subjective analysis of the defendant and his state of mind at the time. In deciding whether this element has been proved, at you must give defendant wide ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security in the prison. Some of the things you may want to consider in determining whether the prison officials unnecessarily and wantonly inflicted pain on the plaintiff include:

1. The extent of the injury suffered.

2. The need for the application of force.

3. The relationship between the need and the amount of force used.

4. The threat reasonably perceived by the responsible officials, and

5. Any efforts made to temper the severity of a forceful response.

**NOTES**

*In General*

   Whenever a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core of judicial inquiry is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. **Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)**. The extent of injuries suffered by an inmate is one factor that may suggest whether the use of force could plausibly

have been thought necessary in a particular situation, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. **Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)**.

It may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. **Hudson v. McMillian, 503 U.S. 1, 7 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992)**. According to the Supreme Court, when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. **Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)**.

See **Blyden v. Mancusi, 186 F.3d 252, 263–65 & n. 4 (2d Cir.1999)** (court was correct in instructing the jury that prison supervisor might be found liable for acts amounting to "deliberate indifference" to "reprisals" during prison uprising; further, error was harmless where charge on the subjective component of Eighth Amendment liability erroneously distinguished between riot and non-riot circumstances).

In **Johnson v. Breeden, 280 F.3d 1308, 1313 (11th Cir.2002)**, the Eleventh Circuit upheld a jury instruction substantially similar to Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction 2.3.1 (2000). The court stated that language in the instruction stating that whether any force used was excessive turned on whether that force "was applied in a good faith effort to maintain or restore discipline, or whether it was used maliciously and sadistically to cause harm," was sufficient to inform the jury that the officers must have acted with specific intent before they could be found liable.

## II.   Damages

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also,

compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover the physical aspects of injury. Thus, no evidence of the value of physical pain has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Physical pain and suffering;

(b) Emotional injury if accompanied by more than minimal physical injury;

[(c) Nominal damages (as explained in these instructions);] and

[(d) Punitive damages, if any (as explained in the Court's instructions).]

[You are authorized to award $1 in nominal damages if you find for the Plaintiff but also find that Plaintiff's damages have no monetary value.]

**Pattern Civ. Jury Instr. 11th Cir. FI 2.3.1 (2005)**.

### III.     Punitive Damages

[The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts].

**Pattern Civ. Jury Instr. 11th Cir. FI 2.3.1 (2005)**.

Respectfully submitted,

**/s/Joseph W. Monahan, III**
Joseph W. Monahan, III, BBO #351100
Thomas J. Freda, BBO#178150
**Monahan & Padellaro**
43 Thorndike Street
Cambridge, MA 02141
Tel: (617)494-1188
Fax:(617)494-0433