UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 03 CV 12307 RGS

| | | |
|---|---|---|
| JOSEPH CHRISTOFORO, )  <br> Plaintiff ) <br> ) | | Plaintiff's Opposition to Defendant's |
| VS. ) | | Motion In Limine to Exclude Evidence |
| ) | | Regarding His Suspension from the |
| JULIO LUPO, ) <br> Defendant ) <br> _____) | | Sheriff's Department |

Now comes the plaintiff, Joseph Christoforo, and respectfully gives notice of his Opposition to the defendant, Julio Lupo's, motion in limine to exclude evidence regarding his suspension from the Sheriff's Department.

In support of this Opposition, the plaintiff assigns the following:

1. That "[w]hen proffered evidence relates to the central issue in a case, it is a difficult matter indeed to show that the prejudicial effect of that evidence substantially outweighs its highly probative nature, as Rule 403 requires." Rubert-Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 479 (1st Cir 2000); Swajian v. General Motors Corp., 916 F.2d 31 (1st Cir. 1990) ("[t]he relevant inquiry is whether the probative value is substantially outweighed by unfair prejudice."). See also Gath v. M/A-Com, Inc., 440 Mass. 482, 490-491 (2003) (in balancing probative value against risk of prejudice, the fact that the evidence goes to a central issue in the case weighs in favor of admission).

2. That further, in determining whether evidence should be excluded pursuant to Fed. R. Evid. 403, the First Circuit has held that "[t]he admitted evidence must not only be prejudicial, but be unfairly prejudicial, and not only outweigh

relevance but substantially outweigh relevance. United States v. Aguilar-Aranceta, 58 F.3d 796, 800 (1st Cir. 1995) ("must be a significant tipping of the scales")…" United States v. Rivera, 83 F. 3d 542 (1st Cir. 1996). "[W]here the reviewing court finds the balancing close, Rule 403 tilts the balance in favor of admission." United States v. Rivera, *supra*, *citing* United States v. Clarke, 24 F. 3d 257, 265-266 (D.C. Cir. 1994).

3. That the fact that the defendant was suspended, at least in part, because of the assault on Mr. Christoforo directly contradicts the defendant's previous arguments and goes to the central issue in this matter as to whether the defendant's actions were reasonable;

4. That more specifically, the defendant has previously testified at his deposition and argued that the force he used against Mr. Christoforo on December 23, 2002, was justified, or, in the alternative, that any injury to Mr. Christoforo was *de minimus* and therefore not actionable under the Eighth Amendment.

5. That in addition to the assault upon Mr. Christoforo, the second reason for Mr. Lupo's suspension listed in the letter of January 14, 2003 refers to an incident in which the defendant used racial slurs against another inmate, not Mr. Christoforo;

6. That the defendant's motion implies that the above-referenced racial slur occurred at some distant point in time from the assault upon Mr. Christoforo and was a completely unrelated event. Such is plainly not the case as the racial slur occurred moments before the assault on Mr. Christoforo;

7. That as Mr. Christoforo testified to at his deposition, at the time of the assault he was working in the kitchen with a group of other inmates, at least one of whom

       was African-American (See Exhibit A, Deposition of Joseph Christoforo, Volume II, pages 4-5);

8. That the defendant had yelled at the group of inmates to be quiet and then came over to the group, again told everyone to "keep [their] mouths shut," then called the African-American inmate by a racial slur in Italian, and walked away (Exhibit A, pages 5-6);

9. That one of the other inmates and perhaps Mr. Christoforo then inquired as to what the term just used by the defendant meant. (Exhibit A, page 6);

10. That the defendant then returned to the table where the inmates were working, said "get back to [expletive] work and keep your mouth shut," and then proceeded to punch Mr. Christoforo in the back of his head (Exhibit A, pages 6-7);

11. That the incidents giving rise to the instant assault are certainly relevant to the jury's assessment of the degree of force with which the defendant struck Mr. Christoforo.  See Rubert-Torres v. Hospital San Pablo, Inc., *supra*;

12. That the defendant has failed to establish either that any prejudicial effect of the suspension is unfairly prejudicial, or that the relevance of that suspension is substantially outweighed by that unfair prejudice.  See United States v. Rivera, *supra*.

13. That accordingly, the defendant's motion in limine to exclude evidence regarding his suspension from the Sheriff's Department should be denied.

Respectfully Submitted,
The Plaintiff,
By His Attorney,

  */s/ Edward J. McCormick, III*
Edward J. McCormick, III
McCormick & Maitland
Suite Six – Hayward Manor
195 Main Street
Franklin, MA  02038
(508) 520-0333
BBO #329780